LOTTINGER, Judge.
The plaintiff in this suit seeks to recover from the defendant the sum of $4250.00. For a cause of action it is alleged that plaintiff’s wife, acting by virtue of a power of attorney executed by the plaintiff, executed an authentic sale before Gus J. Fritchie, Jr. on November 24, 1961, which conveyed to defendant a piece of real property situated in the Parish of St. Tammany and that while the recited consideration was the sum of $7500.00, $4250.00 thereof was never received by him.
The defendant in his answer admits the execution of the sale for the recited consideration of $7500.00. He alleges, however, that of this amount $4000.00 was paid by him in cash on November 24, 1961, to plaintiff’s wife which, when added to the $250.00 deposit previously made to plaintiff’s agent and the. amount of $3250.00 paid by check and applied to a first mortgage on the property, totalis the $7500.00 purchase price.
The matter is now before us on an appeal taken by plaintiff from a judgment of the Lower Court which dismissed his suit.
The few following facts are not in dispute: The Bambergers, of New Orleans, were the owners of a tract of land in St. Tammany Parish which they wished to dispose of. They listed it with the Stacy Real Estate Firm which listing expired in August of 1961. A Mr. Riley Jennings, who appears to have been a local representative of Stacy then took over the matter and agreed with plaintiff to try to find a purchaser. In the month of October Jennings came to plaintiff’s home, told him that he had gotten defendant Roche to agree to purchase the *927 property and had received a $250.00 deposit from him. As the plaintiff was a seaman and about to leave on a voyage he executed a power of attorney clothing his wife with authority to dispose of the property. Thereafter, pursuant to Jennings’ instructions, on November 24, 1961, she went to Mr. Fritchie’s office and signed the sale at which time she received no money. Mr. Fritchie explained to her that after the matter was consummated and when he had finished “paying everything” he would send her a check for the “balance” of the consideration. On December 8, 1961, in response to inquiry by plaintiff’s attorney, Mr. Fritchie forwarded his check for $18.21, with the following accounting:
“Listed sales price, $7500.00, less $4,-250.00 first mortgage $3,218.54, recording the sale is $13.25, making $7,481.79 the total and the balance, $18.21.”
Mrs. Bamberger testified that on the day of the execution of the sale she drove from New Orleans over to Slidell and, as scheduled, met Mr. Jennings in front of Mr. Fritchie’s law office. There she met for the first time both the latter and the defendant Mr. Roche. The sale was executed and she received no monej'. She was emphatic in stating that she did not know where the defendant lived, had not been to his home before the execution of the sale, and had not received any money from him.
Mr. Bamberger testified that he returned from sea on December 20, 1961, at which time his wife informed him that she had signed a sale for $7500.00 and that she “never got any money out of it and that she went to Mr. Weysham”.
Mr. Fritchie, the Notary, testified that the parties met in his office at which time he had a check for $3250.00. The sale was read but not “word for word”. He remembered from a prior discussion with the defendant that the sum of $3250.00 “was all that he needed to complete the purchase price on the property and that the sum of $4250.00 “was already paid”.
The defendant testified without equivocation that Mrs. Bamberger appeared at his home on the afternoon of November 24, 1961, previous to their appointment with Mr. Fritchie at which time he paid her, as part of the consideration for the sale, the sum of $4200.00 in cash, in the presence of one Thomas E. Stockstill, a carpenter who was working on his house. He testified that he had not met Mrs. Bamberger before she came to his home and that all arrangements as to the meeting and the sale had been made by Mr. Jennings. The witness Stock-still corroborated the defendant’s testimony, stating that he saw the latter hand over the $4200.00 in cash as part consideration of the contemplated sale.
Mr. Jennings, who described himself as a “go between” rather than actual agent, testified that he believed it was he who told Mrs. Bamberger how to get to defendant’s home and that when he met her in front of Mr. Fritchie’s office “she said she had gotten $4200.00 from Mr. Roche”.
With such hopelessly conflicting testimony before him, the Trial Judge ruled that plaintiff had failed to prove his case by a preponderance of the evidence. We have carefully examined the record and find nothing therein which would prompt us to place more credence in the testimony of the witnesses for plaintiff than those for defendant. For that reason the holding of the Trial Judge is correct and the judgment appealed from is therefore affirmed.
Judgment affirmed.